EDWARD B. PARKER and Another, Copartners, Doing Business as PARKER & SCHWARTZ, Appellants, v. PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY and PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Trustee, Also Known as BANK OF THE MANHATTAN COMPANY, and Others, Respondents.— Derivative action by plaintiffs as minority bondholders under a fourth mortgage against the trustee named in the trust indenture, for claimed breach of duty resulting in damage to said minority bondholders and others similarly situated. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ. [See *post*, p. 627.]

PAYMER BROTHERS REALTY CORPORATION, Appellant, v. CHLORAL CHEMICAL COMPANY, INC., Respondent.— Order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, in favor of defendant, in an action for rent, reversed on the law, judgment of the Municipal Court reversed and a new trial ordered, costs to abide the event. Section 214-a of chapter 10 of the Code of Ordinances of the City of New York authorized the granting of a permit for the storage and use of liquefied chlorine in three different ways and relating to three different situations. The only one that was limited to premises located in sparsely settled sections was subdivision b. The other subdivisions, a and c, are not so limited and the fire commissioner is authorized to permit such storage and use in approved fireproof buildings and in accordance with proper regulations in neighborhoods other than sparsely settled sections. The court, therefore, was in error in having the question of illegality of use or purpose contemplated by the lease limited to whether or not the plot was in a sparsely settled section and, therefore, within subdivision b. The tenant failed to establish illegality by reason of the lack of proof that no form of construction, such as would comply with subdivisions a or c, would entitle it to a permit. In view of the tenant's failure of proof in this particular, the plaintiff's motion for a directed verdict should have been granted. In order, however, that an opportunity may be presented, under the interpretation of the ordinance thus indicated, to produce such proof, if it is honestly available, a new trial is granted. The lease contemplated by its express terms that the tenant should have the right to erect a building for the manufacture of chlorine products and the practical construction of the lease by the parties established that the tenant was free to, and if necessary to obtain beneficial use of the plot, was obligated to, construct a building thereon. Therefore, the cases in reference to tenants not ordinarily being required to make structural changes have no application, the express engagements of the parties having made them inapposite. Young, Carswell and Johnston, JJ., concur; Hagarty and Davis, JJ., concur for reversal but vote for the direction of a judgment for the plaintiff for the amount demanded in the complaint, with costs.